UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

HEBA HAFI,

        Plaintiff,

    v.

THE UNITED ILLUMINATING COMPANY,

        Defendant.

Civil Action No.: 3:26-cv-00465

March 27, 2026

## NOTICE OF REMOVAL

TO:   THE UNITED STATES DISTRICT COURT FOR THE
       DISTRICT OF CONNECTICUT

PLEASE TAKE NOTICE that Defendant The United Illuminating Company ("Defendant"), files this Notice of Removal in accordance with 28 U.S.C. §§ 1441 & 1446 premised upon 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction) and removes this action from the State of Connecticut Superior Court, Judicial District of New Britain at New Britain, to the United States District Court for the District of Connecticut. As its reasons for removal, Defendant states:

1.     By Summons and Complaint dated March 4, 2026, Plaintiff Heba Hafi ("Plaintiff") commenced a civil action against Defendant in Connecticut Superior Court, Judicial District of New Britain at New Britain, titled *Heba Hafi v. The United Illuminating Company*, Docket No. HHB-CV26-6103926-S, and filed on March 9, 2026 (the "Superior Court Action").

2.     Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons and Complaint served by Plaintiff on Defendant are attached hereto as Exhibit A and constitute all processes, pleadings and orders served upon Defendant in this action to the present date. 28 U.S.C. § 1446(a).

3.      This Notice of Removal is being filed in the District of Connecticut, the District Court of the United States for the district and division within which the Superior Court Action is pending.  28 U.S.C. §§ 1441(a) and 1446(a).  Under 28 U.S.C. § 1441(a), venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

4.      Attached hereto as <u>Exhibit B</u> is a copy of the Notice to Superior Court of Filing of Notice of Removal, the original of which is being filed with the Connecticut Superior Court, Judicial District of New Britain at New Britain.  28 U.S.C. § 1446(d).

## I.      <u>TIMELINESS OF NOTICE OF REMOVAL</u>

5.      This Notice of Removal is being filed within 30 days of the date Defendant was served with a copy of the Complaint in the Superior Court Action through its agent for service. 28 U.S.C. § 1446(b).

6.      Defendant first received notice of the Superior Court Action on or about March 5, 2026, when its agent for service of process received a copy of the Summons and Complaint as stated in the Return of Service filed in the Superior Court Action attached hereto as <u>Exhibit C</u>. The thirtieth (30th) day after March 5, 2026 is April 4, 2026, and therefore removal of this action on the date hereof is timely under 28 U.S.C. § 1446(b).

7.      By filing this notice, Defendant does not waive any defenses that may be available to it.

## II.     <u>GROUNDS FOR REMOVAL: FEDERAL QUESTION JURISDICTION</u>

8.      The Superior Court Action is properly removable under 28 U.S.C. § 144l(a), because the United States District Court has original jurisdiction in this case pursuant to 28 U.S.C.

§ 1331, which provides, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

9.      In the Complaint, Plaintiff expressly alleges that Defendant violated the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601 through 2654. **Exhibit A**, Count Six, ¶¶ 68-75. Specifically, the Complaint alleges that "Plaintiff engaged in protected activity by exercising or attempting to exercise rights to job-protected medical leave under the FMLA" and that "Defendant retaliated against Plaintiff and subjected Plaintiff to adverse action on account of such protected activity." **Exhibit A**, Count Six, ¶¶ 72-73.

10.      The FMLA expressly states that "[a]n action to recover the damages or equitable relief … may be maintained against any employer … in any Federal or State court of competent jurisdiction. …" 29 U.S.C. § 2617(a)(2). This Court therefore has original jurisdiction over Plaintiff's FMLA claims under 28 U.S.C. § 1331 had this action been filed originally in federal court. *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 694 (2003) (holding that where a statute "provides that an action 'may be maintained ... in any Federal or State court of competent jurisdiction,'" then "[t]here is no question that [the plaintiff] could have begun his action in the District Court.").

11.      Federal district courts also have "supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367. Here, Plaintiff alleges disability discrimination in violation of the Connecticut Fair Employment Practices Act ("CFEPA") in Count One, sex discrimination in violation of CFEPA in Count Two, sexual harassment in violation of CFEPA in Count Three, national origin discrimination in violation of CFEPA in Count Four, and retaliation in violation of CFEPA in Count Five. These claims arise from the same operative facts concerning

3

Plaintiff's employment with Defendant and the termination of such employment with Defendant that are incorporated by reference into each count of the Complaint. *See,* **Exhibit A**, ¶¶ 1-40. This Court, therefore, has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims.

12.    Accordingly, removal is appropriate under 28 U.S.C. § 1441 because the Court has original jurisdiction over Plaintiff's federal FMLA claim, has supplemental jurisdiction over Plaintiff's state law claims, and all other prerequisites for removal of this case to the United States District Court for the District of Connecticut have been fulfilled.

## III.    CONCLUSION

13.    To date, Defendant has not filed a responsive pleading in the Superior Court Action, and no other proceedings have transpired in that action.

14.    In accordance with 28 U.S.C. § 1466, copies of this Notice of Removal will be promptly served upon counsel for all adverse parties and filed with the Clerk of the Connecticut Superior Court.

15.    For the foregoing reasons, Defendant requests that the United States District Court for the District of Connecticut assume jurisdiction over the above-captioned action and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial of this action.

WHEREFORE, Defendant respectfully requests that this matter be removed and hereinafter proceed in the United States District Court for the District of Connecticut.

**DEFENDANT,**
**THE UNITED ILLUMINATING**
**COMPANY**

*/s/ Sean M. Fisher*
Sean M. Fisher (ct23087)
sfisher@littler.com
Maura A. Mastrony (ct27787)
mmastrony@littler.com
LITTLER MENDELSON, P.C.
One Century Tower
265 Church Street, Suite 300
New Haven, Connecticut 06510
Telephone:     203.974.8700
Facsimile:     203.974.8799

ATTORNEYS FOR DEFENDANT THE
UNITED ILLUMINATING COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of March, 2026, a copy of the foregoing was sent via email or First Class Mail to all counsel and pro se parties of record as follows:

Matthew D. Paradisi
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, CT 06114
mparadisi@cicchielloesq.com

*/s/ Sean M. Fisher*_____
Sean M. Fisher (ct23087)

# EXHIBIT A

# SUMMONS - CIVIL

JD-CV-1 Rev. 10-15
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

**See other side for instructions**

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.

☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.

☐ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed *(Number, street, town and zip code)* *(C.G.S. §§ 51-346, 51-350)* | Telephone number of clerk *(with area code)* | Return Date *(Must be a Tuesday)* |
|---|---|---|
| **20 Franklin Square, New Britain, CT 06051** | **( 860 )515-5080** | APRIL _Month_  14 _Day_ , 2 026 _Year_ |

| ☒ Judicial District  ☐ Housing Session | ☐ G.A. Number: | At *(Town in which writ is returnable)* *(C.G.S. §§ 51-346, 51-349)* **New Britain** | Case type code *(See list on page 2)* Major: **M**  Minor: **90** |
|---|---|---|---|

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(to be entered by attorney only)* |
|---|---|
| **Cicchiello & Cicchiello, LLP, 364 Franklin Avenue, Hartford, CT 06114** | **419987** |

| Telephone number *(with area code)* | Signature of Plaintiff *(If self-represented)* |
|---|---|
| **( 860 ) 296-3457** | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. | ☒ Yes  ☐ No | Email address for delivery of papers under Section 10-13 *(if agreed to)* **mparadisi@cicchielloesq.com; and mcarillo@cicchielloesq.com** |
|---|---|---|

| Number of Plaintiffs: **1** | Number of Defendants: **1** | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | Name *(Last, First, Middle Initial)* and Address of Each party *(Number; Street; P.O. Box; Town; State; Zip; Country, if not USA)* | |
|---|---|---|
| First Plaintiff | Name: **HAFI, HEBA** <br> Address: **c/o Cicchiello & Cicchiello, LLP, 364 Franklin Avenue, Hartford, CT 06114** | P-01 |
| Additional Plaintiff | Name: <br> Address: | P-02 |
| First Defendant | Name: **THE UNITED ILLUMINATING COMPANY --- 100 MARSH HILL ROAD, ORANGE, CT 06477** <br> Address: **AGENT: Corporation Service Company, Goodwin Square, 225 Asylum St., 20th Fl., Hartford, CT 06103** | D-01 |
| Additional Defendant | Name: <br> Address: | D-02 |
| Additional Defendant | Name: <br> Address: | D-03 |
| Additional Defendant | Name: <br> Address: | D-04 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED**. This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at *www.jud.ct.gov* under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at *www.jud.ct.gov* under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed *(Sign and "X" proper box)* | ☒ Commissioner of the Superior Court <br> ☐ Assistant Clerk | Name of Person Signing at Left <br> **Matthew D. Paradisi** | Date signed <br> **03/04/2026** |
|---|---|---|---|

| If this Summons is signed by a Clerk: <br> a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts. <br> b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law. <br> c. The Clerk is not permitted to give any legal advice in connection with any lawsuit. <br> d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | For Court Use Only <br> File Date |
|---|---|

| I certify I have read and understand the above: | Signed *(Self-Represented Plaintiff)* | Date | Docket Number |
|---|---|---|---|

(Page 1 of 2)

## Instructions

1. *Type or print legibly; sign summons.*
2. *Prepare or photocopy a summons for each defendant.*
3. *Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or more than 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.*
4. *After service has been made by a proper officer, file original papers and officer's return with the clerk of court.*
5. *Do not use this form for the following actions:*

(a) *Family matters (for example divorce, child support, custody, paternity, and visitation matters).*
(b) *Summary process actions.*
(c) *Applications for change of name.*

(d) *Probate appeals.*
(e) *Administrative appeals.*
(f) *Proceedings pertaining to arbitration.*
(g) *Any actions or proceedings in which an attachment, garnishment or replevy is sought.*

### ADA NOTICE

The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation in accordance with the ADA, contact a court clerk or an ADA contact person listed at *www.jud.ct.gov/ADA.*

## Case Type Codes

| Major Description | Codes Major/ Minor | Minor Description |
|---|---|---|
| Contracts | C 00 | Construction - All other |
| | C 10 | Construction - State and Local |
| | C 20 | Insurance Policy |
| | C 30 | Specific Performance |
| | C 40 | Collections |
| | C 90 | All other |
| Eminent Domain | E 00 | State Highway Condemnation |
| | E 10 | Redevelopment Condemnation |
| | E 20 | Other State or Municipal Agencies |
| | E 30 | Public Utilities & Gas Transmission Companies |
| | E 90 | All other |
| Miscellaneous | M 00 | Injunction |
| | M 10 | Receivership |
| | M 20 | Mandamus |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) |
| | M 40 | Arbitration |
| | M 50 | Declaratory Judgment |
| | M 63 | Bar Discipline |
| | M 66 | Department of Labor Unemployment Compensation Enforcement |
| | M 68 | Bar Discipline - Inactive Status |
| | M 70 | Municipal Ordinance and Regulation Enforcement |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 |
| | M 83 | Small Claims Transfer to Regular Docket |
| | M 84 | Foreign Protective Order |
| | M 90 | All other |
| Property | P 00 | Foreclosure |
| | P 10 | Partition |
| | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | P 30 | Asset Forfeiture |
| | P 90 | All other |

| Major Description | Codes Major/ Minor | Minor Description |
|---|---|---|
| Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | T 03 | Defective Premises - Private - Other |
| | T 11 | Defective Premises - Public - Snow or Ice |
| | T 12 | Defective Premises - Public - Other |
| | T 20 | Products Liability - Other than Vehicular |
| | T 28 | Malpractice - Medical |
| | T 29 | Malpractice - Legal |
| | T 30 | Malpractice - All other |
| | T 40 | Assault and Battery |
| | T 50 | Defamation |
| | T 61 | Animals - Dog |
| | T 69 | Animals - Other |
| | T 70 | False Arrest |
| | T 71 | Fire Damage |
| | T 90 | All other |
| Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | V 05 | Motor Vehicles* - Property Damage only |
| | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | V 09 | Motor Vehicle* - All other |
| | V 10 | Boats |
| | V 20 | Airplanes |
| | V 30 | Railroads |
| | V 40 | Snowmobiles |
| | V 90 | All other |
| | | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | W 90 | All other |

JD-CV-1 Rev. 10-15 (Back/Page 2)

RETURN DATE: APRIL 14, 2026       :       SUPERIOR COURT

HEBA HAFI       :       J.D. OF NEW BRITAIN

VS.       :       AT NEW BRITAIN

THE UNITED ILLUMINATING COMPANY       :       MARCH 4, 2026

## COMPLAINT

1.     Plaintiff, Heba Hafi ("Plaintiff"), was at all times relevant an individual and resident of Rocky Hill, Connecticut

2.     Plaintiff is a woman.

3.     Plaintiff's nation of origin is Palestine.

4.     Plaintiff's ancestry is Middle Eastern / Palestinian.

5.     During the course of her employment with Defendant, and as a result of Defendant's unlawful sexually harassing, discriminatory, and retaliatory conduct which is described more fully hereinafter, Plaintiff was diagnosed with one or more mental health conditions which individually, or in the aggregate, constitute a disability within the meaning of the Connecticut Fair Employment Practices Act insofar as:

      a.     her mental health condition(s) is/are chronic;

      b.     her mental health condition(s) substantially limit one or more major life activities, including, *inter alia*, working;

      c.     she has a record of mental health condition(s) or impairment(s); and/or

      d.     Defendant regarded Plaintiff as having an impairment as of the time it terminated her employment.

6.     Defendant, The United Illuminating Company ("Defendant"), is a domestic company with a business address of 100 Marsh Hill Road, Orange, Connecticut, 06477, and is a

1

subsidiary of Avangrid, Inc., a foreign corporation with a Connecticut business address of 180 Marsh Hill Road, Orange, Connecticut, 06477.

7.    Defendant employs more than 50 employees.

8.    Plaintiff commenced employment with Defendant on or about February 28, 2022 as an Energy Specialist.

9.    Commencing in or about May, 2023, Plaintiff became a Customer Program and Products Manager, also known as a Contract Manager.

10.    At all times relevant, and commencing at or around Plaintiff obtained the title of Customer Program and Products Manager, Plaintiff reported to her direct manager, Audrey Penna, Defendant's Manager, Operations, Conservation and Load Management.

11.    Between the outset of her employment with Defendant and in or about September 2024, Plaintiff also reported to Ms. Penna's manager, Hammad Chaudhry, Defendant's Senior Manager, Conservation and Load Management.

12.    Commencing just prior to Plaintiff commencing in her role as Customer Program and Products manager, where she would be working under both Penna and Chaudhry, Chaudhry began to sexually harass Plaintiff.

13.    By way of example, but not by way of exclusion, on or about March 30, 2023, at 3:54pm, Chaudhry sent Plaintiff an instant message through WhatsApp, stating, "It's ok; after Ramadan I want to touch you in office".

14.    Plaintiff immediately rejected Chaudhry's advance, stating, "No thanks".

15.    In a separate instance, Chaudhry left a sticky note at Plaintiff's desk which read, "I came to check you sexy".

2

16.     In a separate instance and on or about June 9, 2023, Chaudhry requested that Plaintiff come into his office under the pretense of speaking with her about something work related. Upon Plaintiff entering his office, Chaudhry attempted to grope and kiss Plaintiff, inquiring of her as to whether or not she was going to "give [him] something for [his] birthday."

17.     Plaintiff pushed Chaudhry away in response, and left his office.

18.     On another occasion, on or about July 27, 2023, Chaudry suggested that if Plaintiff wanted to advance her career, she should engage in a threesome involving himself and Penna, after insinuating to Plaintiff that he and Penna had already been intimately involved.

19.     Upon information and belief, Penna and Chaudhry had been intimate with one another.

20.     In the same conversation, Chaudhry also suggested that Plaintiff should sleep with Penna, her manager, in order to advance her career.

21.     Plaintiff flatly rejected Chaudhry's propositions.

22.     Approximately one week later, and in response to Plaintiff rejecting Chaudhry's advances, Chaudhry and/or Penna issued Plaintiff an unjustified and pretextual discipline, stating that she had purportedly engaged in "aggressive communication and behavior."

23.     As a result of Chaudhry and Penna's sexually harassing and retaliatory conduct, Plaintiff sustained severe emotional distress, culminating in the need for her to take FMLA leave commencing in or about March, 2024.

24.     Thereafter, and on or about March 21, 2024, Plaintiff filed a complaint of sexual harassment and retaliation through Defendant's third party reporting website, EthicsPoint, concerning the above sexually harassing conduct and retaliatory actions undertaken by Penna and Chaudhry.

3

25.    Plaintiff returned to work in or about May, 2024.

26.    Despite Plaintiff having lodged a formal complaint of sexual harassment and retaliation, Defendant failed to take immediate remedial action, and accordingly, Penna and Chaudhry's retaliatory conduct persisted, prompting Plaintiff to report through EthicsPoint:

> Unfortunately, Hammad and Audrey realized that HR will not have any action to stop them from retaliating against me and harassing me in diff erent ways and forms. That is giving them a green light to keep going. sadly, I am losing trust and confidence of HR department in this company. HR is taking a very long time to take action ( if there is an action) without considering me and my health going through all of this since 2023. I really did not want to do this but if no action will be taken to stop Hammad and Audrey by the end of this month (Aug) I will be pushed to contact EEOC and tell them What I am experiencing and ask them to take the action because HR department is not doing ANYTHING regarding this case or to protect me from all of this. I deserve to work in a better environment than this and be treated fairly like everyone else. I hope you understand my situation.

27.    Defendant ultimately concluded its investigation of Plaintiff's initial EthicsPoint complaint, substantiating her claims of sexual harassment against Chaudhry, and terminating his employment in or about September, 2024.

28.    Defendant conveyed, however, that it could not substantiate Plaintiff's retaliation and hostile work environment complaint as it pertained to Penna, and instructed Plaintiff that she would continue to report to Penna thereafter.

29.    Penna's retaliatory conduct persisted over the ensuing months, and into 2025.

30.    By way of example, but not by way of exclusion, Penna would routinely become aggressive in communications with Plaintiff, using profanity, degrading her, and insulting her. For instance, following Plaintiff's return from a second FMLA leave ending in or about November,

4

2024, and in her first videoconference meeting with Plaintiff, Penna accused Plaintiff of purportedly not knowing what she's doing, and engaged in a tirade against Plaintiff, stating, "I have been teaching you this fucking shit for years and I am getting sick of providing support to you and the CLM team."

31.    Penna would further insult Plaintiff on account of her accent and on account of her Palestinian ancestry and national origin, oftentimes mocking Plaintiff on account of inane typographical errors, resorting to spelling out, letter-by-letter, short words or phrases as if speaking with a child, all of which was humiliating to Plaintiff.

32.    Based on Penna's persistent retaliatory conduct, Plaintiff filed a second EthicsPoint complaint on or about March 19, 2025.

33.    Commencing on or about April 16, 2025, Plaintiff again took FMLA leave on account of the deterioration of her mental health secondary to Defendant's unlawful conduct in subjecting her to sexual harassment, retaliation, and a hostile work environment.

34.    Thereafter, on or about May 14, 2025, Plaintiff was contacted by Defendant human resources personnel to inform her that her complaint was being closed, and that disciplinary action would purportedly be taken against Penna.

35.    Plaintiff returned to work on or about August 4, 2025, and was still directly reporting to Penna.

36.    The following week, and on or about August 8, 2025, Penna instructed Plaintiff that she was to complete five separate particular contracts within a week. Under Penna, the subject contracts had been allowed to sit without progress for months prior thereto. Moreover, completion of the subject contracts would ordinarily take approximately thirty days.

37.    Within one month of her return following medical leave, and on or about September 5, 2025, Defendant terminated Plaintiff on the purported basis that she had received performance ratings of "Partial Contributor" in 2024 and 2025, both of which were evaluations which would have been undertaken by Penna and/or Chaudhry, the persons against whom Plaintiff had lodged multiple complaints concerning their discriminatory, retaliatory, and sexually harassing conduct.

38.    Any and all reasons Defendant has proffered for the termination of Plaintiff's employment are false and/or pretext to mask its unlawful discriminatory and retaliatory intent.

39.    Defendant subjected Plaintiff to sexual harassment, retaliation, and discrimination on the basis of her sex and on the basis of her ancestry and national origin. Plaintiff filed a timely administrative complaint against Defendant with the Connecticut Commission on Human Rights and Opportunities, and thereafter received a release of jurisdiction letter therefrom, a copy of which is appended hereto as Exhibit 1.  This Action is brought within 90 days of receipt of said release of jurisdiction letter.  As such, Plaintiff has exhausted all administrative remedies, and this Action is timely.

40.    Any and all reasons Defendant has proffered for its adverse employment action against Plaintiff are false and/or pretext to mask its unlawful discriminatory intent.

**COUNT ONE:        DISABILITY DISCRIMINATION – C.G.S. § 46a-60(b)(1)**

41.    All preceding allegations are hereby repeated and realleged in this Count as if fully set forth herein.

42.    Defendant is an "employer" within the meaning of the Connecticut Fair Employment Practices Act.

43.    Plaintiff is disabled within the meaning of the Connecticut Fair Employment Practices Act.

6

44.     Defendant discriminated against Plaintiff in the terms and conditions of Plaintiff's employment on account of his/her disability.

45.     Defendant subjected Plaintiff to adverse employment action, motivated by Plaintiff's disability.

46.     As a result of Defendant's unlawful conduct, as aforesaid, Plaintiff has sustained lost wages and benefits of employment, has been deprived of the benefits of gainful employment into the future, has sustained substantial emotional distress, and has incurred or will incur attorneys' fees and costs.

**COUNT TWO:     SEX DISCRIMINATION – C.G.S. § 46a-60(b)(1)**

47.     All preceding allegations are hereby repeated and realleged in this Count as if fully set forth herein.

48.     Defendant is an "employer" within the meaning of the Connecticut Fair Employment Practices Act.

49.     Defendant discriminated against Plaintiff in the terms and conditions of Plaintiff's employment on account of his/her sex.

50.     Defendant subjected Plaintiff to a pervasive and continuing course of discriminatory comments and conduct which had the purpose or effect of substantially interfering with Plaintiff's work performance and/or the creation of an intimidating, hostile, or offensive work environment.

51.     Defendant subjected Plaintiff to adverse employment action, motivated by Plaintiff's sex.

52.     As a result of Defendant's unlawful conduct, as aforesaid, Plaintiff has sustained lost wages and benefits of employment, has been deprived of the benefits of gainful employment

7

into the future, has sustained substantial emotional distress, and has incurred or will incur attorneys' fees and costs.

**COUNT THREE:    SEXUAL HARASSMENT – C.G.S. § 46a-60(b)(8)**

53.    All preceding allegations are hereby repeated and realleged in this Count as if fully set forth herein.

54.    Defendant is an "employer" within the meaning of the Connecticut Fair Employment Practices Act.

55.    Defendant subjected Plaintiff to sexual harassment in one or more of the following ways, in that:

   a.   Plaintiff was subjected to unwelcome sexual advances or requests for sexual favors;

   b.   Defendant subjected Plaintiff to unsolicited comments or conduct of a sexual nature;

   c.   Plaintiff's submission to such conduct was made explicitly or implicitly a term or condition of Plaintiff's employment;

   d.   Plaintiff's submission to or rejection of such conduct was used as the basis for Defendant's employment decisions concerning Plaintiff; and/or

   e.   Such conduct had the purpose or effect of substantially interfering with Plaintiff's work performance and/or created an intimidating, hostile, or offensive working environment.

56.    As a result of Defendant's unlawful conduct, as aforesaid, Plaintiff has sustained lost wages and benefits of employment, has been deprived of the benefits of gainful employment into the future, has sustained substantial emotional distress, and has incurred or will incur attorneys' fees and costs.

**COUNT FOUR:      NATIONAL ORIGIN DISCRIMINATION – C.G.S. § 46a-60(b)(1)**

57.      All preceding allegations are hereby repeated and realleged in this Count as if fully set forth herein.

58.      Defendant is an "employer" within the meaning of the Connecticut Fair Employment Practices Act.

59.      Defendant discriminated against Plaintiff in the terms and conditions of Plaintiff's employment on account of national origin.

60.      Defendant subjected Plaintiff to a pervasive and continuing course of discriminatory comments and conduct which had the purpose or effect of substantially interfering with Plaintiff's work performance and/or the creation of an intimidating, hostile, or offensive work environment.

61.      Defendant subjected Plaintiff to adverse employment action, motivated by Plaintiff's national origin.

62.      As a result of Defendant's unlawful conduct, as aforesaid, Plaintiff has sustained lost wages and benefits of employment, has been deprived of the benefits of gainful employment into the future, has sustained substantial emotional distress, and has incurred or will incur attorneys' fees and costs.

**COUNT FIVE:      RETALIATION IN VIOLATION OF C.G.S. § 46a-60(b)(4)**

63.      All preceding allegations are hereby repeated and realleged in this Count as if fully set forth herein.

64.      Defendant is an "employer" within the meaning of the Connecticut Fair Employment Practices Act.

65.      Plaintiff engaged in protected activity by opposing Defendant's discriminatory employment practices.

9

66. Defendant subjected Plaintiff to adverse employment action, motivated by Plaintiff having engaged in such protected activity.

67. As a result of Defendant's unlawful conduct, as aforesaid, Plaintiff has sustained lost wages and benefits of employment, has been deprived of the benefits of gainful employment into the future, has sustained substantial emotional distress, and has incurred or will incur attorneys' fees and costs.

**COUNT SIX:           FMLA RETALIATION – 29 U.S.C. § 2612 ET SEQ.**

68. All preceding allegations are hereby repeated and realleged in this Count as if fully set forth herein.

69. Defendant is an "employer" within the meaning of the Family and Medical Leave Act ("FMLA").

70. Plaintiff was an eligible employee within the meaning of the FMLA.

71. Defendant was aware that Plaintiff's medical condition(s) constituted a "serious medical condition" within the meaning of the FMLA.

72. Plaintiff engaged in protected activity by exercising or attempting to exercise rights to job-protected medical leave under the FMLA.

73. Defendant retaliated against Plaintiff and subjected Plaintiff to adverse action on account of such protected activity.

74. Plaintiffs exercise or attempt to exercise rights under the FMLA constituted a negative factor in its decision to take adverse action against Plaintiff.

75. As a result of Defendant's unlawful conduct, as aforesaid, Plaintiff has sustained lost wages and benefits of employment, has been deprived of the benefits of gainful employment into the future, has sustained substantial emotional distress, and has incurred or will incur attorneys' fees and costs.

10

**WHEREFORE, Plaintiff prays for the following relief:**

1. Money damages;

2. Reinstatement, or in lieu thereof, front pay;

3. Punitive Damages under the Connecticut Fair Employment Practices Act;

4. Liquidated damage under the FMLA;

5. Attorneys' fees and costs of this Action; and

6. All other awardable relief.

> PLAINTIFF,
> HEBA HAFI
>
> BY: _____
> Matthew D. Paradisi
> Cicchiello & Cicchiello, LLP
> 364 Franklin Avenue
> Hartford, CT 06114
> Phone: 860-296-3457
> Fax: 860-296-0676
> Email: mparadisi@cicchielloesq.com

11

RETURN DATE: APRIL 14, 2026       :       SUPERIOR COURT

           :

HEBA HAFI            :       J.D. OF NEW BRITAIN

           :

VS.            :       AT NEW BRITAIN

           :

THE UNITED ILLUMINATING COMPANY       :       MARCH 4, 2026

## STATEMENT OF AMOUNT IN DEMAND

The amount in demand exceeds $15,000.00, excluding costs and interests.

PLAINTIFF,
HEBA HAFI

BY: _____
Matthew D. Paradisi
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, CT 06114
Phone:  860-296-3457
Fax:  860-296-0676
Email:  mparadisi@cicchielloesq.com

12

# EXHIBIT 1

**STATE OF CONNECTICUT**
**COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES**

HEBA HAFI
COMPLAINANT                                        CHRO No.   2630159

v.                                                 EEOC No.   16A-2026-00040

THE UNITED ILLUMINATING COMPANY
RESPONDENT

### RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business, or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action must be served on the Commission by email at ROJ@ct.gov or, if you do not have access to email at Commission on Human Rights and Opportunities, ATTN: Legal Division, 450 Columbus Boulevard, Suite 2, Hartford, CT 06103, at the same time all other parties are served. **The Commission must be served because it has a right to intervene in any action based on a release of jurisdiction pursuant to Conn. Gen. Stat. § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release. Please note that a Right to Sue Letter must be requested directly from the Equal Employment Opportunity Commission (EEOC) in order to file federal claims in federal court.

**DATE:** February 26, 2026

_Tanya A. Hughes_
_____
Tanya A. Hughes, Executive Director

Service:
 Complainant: Heba Hafi
 Complainant's Attorney: Matthew Paradisi, Esq. (mparadisi@cicchielloesq.com)
 Respondent's Attorney: Maura Mastroni, Esq. (mmastrony@littler.com)
            Sean Fisher, Esq. (sfisher@littler.com)

# EXHIBIT B

DOCKET NO. HHB-CV26-6103926-S   :   **SUPERIOR COURT**

    :

**HEBA HAFI**     :

    :

    **Plaintiff,**     :     **JUDICIAL DISTRICT OF NEW**

  **v.**     :     **BRITAIN AT NEW BRITAIN**

    :

**THE UNITED ILLUMINATING**     :

**COMPANY**     :     **MARCH 27, 2026**

    :

    **Defendant.**     :

    :

## NOTICE TO SUPERIOR COURT OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendant, The United Illuminating Company, filed a Notice of Removal of this action in the United States District Court for the District of Connecticut. A copy of said Notice is attached hereto as **Exhibit A**. This Notice to the Superior Court was filed and served pursuant to 28 U.S.C. § 1446(d).

**DEFENDANT,**
**THE UNITED ILLUMINATING**
**COMPANY**

*/s/ Sean M. Fisher*_____
Sean M. Fisher (ct23087)
sfisher@littler.com
Maura A. Mastrony (ct27787)
mmastrony@littler.com
LITTLER MENDELSON, P.C.
One Century Tower
265 Church Street, Suite 300
New Haven, Connecticut 06510
Telephone:    203.974.8700
Facsimile:    203.974.8799

ATTORNEYS FOR DEFENDANT THE
UNITED ILLUMINATING COMPANY

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of March, 2026, a copy of the foregoing was sent via email or First Class Mail to all counsel and pro se parties of record as follows:

Matthew D. Paradisi
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, CT 06114
mparadisi@cicchielloesq.com

*/s/ Sean M. Fisher*_____
Sean M. Fisher

2

 

State of Connecticut Judicial Branch
# Superior Court E-Filing

**Attorney/Firm: LITTLER MENDELSON P.C. (426891)**          **E-Mail: MNATALE@LITTLER.COM**   Logout

**Hide Instructions**          **You have successfully e-filed!**

**Instructions:** The information about the item you filed is on this confirmation page. You must print a copy of this page for your records. Choose **Print This Page** at the top of the page to print your copy.

Choose **E-File Another Pleading/Motion/Other on this Case** to go back to the **Select a Motion** page to choose another document name and file another document.

Choose **Return to Superior Court E-Filing Menu** to go back to the menu page.

Choose **Return to Case Detail** to look at the documents filed in this case or to file a reclaim in this case.

Print This Page

**Confirmation of E-filed Transaction  (print this page for your records)**

| | |
|---|---|
| **Docket Number:** | HHB-CV-26-6103926-S |
| **Case Name:** | HAFI, HEBA v. THE UNITED ILLUMINATING COMPANY |
| **Type of Transaction:** | Pleading/Motion/Other document |
| **Date Filed:** | Mar-27-2026 |
| **Motion/Pleading by:** | LITTLER MENDELSON P.C. (426891) |
| **Document Filed:** | 101.00 NOTICE OF REMOVAL TO FEDERAL DISTRICT COURT |
| **Date and Time of Transaction:** | Friday, March 27, 2026 1:17:22 PM |

E-File Another Pleading/Motion/Other document on this Case

Return to Civil / Family Menu          Return to Case Detail

Copyright © 2026, State of Connecticut Judicial Branch

# EXHIBIT C

STATE OF CONNECTICUT:

                         : ss: HARTFORD        MARCH 5, 2026

COUNTY OF HARTFORD  :

       Then and by virtue hereof, and by direction of the Plaintiff's Attorney, I left a verified true and attested copy of original WRIT, SUMMONS, COMPLAINT, STATEMENT OF AMOUNT IN DEMAND AND EXHIBIT A RELEASE OF JURISDICTION, with and in the hands of SHELLEY KURPASKA, FULFILLMENT SPECIALIST OF CORPORATION SERVICE COMPANY, 225 ASYLUM STREET, 20TH FLOOR, AGENT FOR SERVICE for the within named defendant **THE UNITED ILLUMINATING COMPANY,** in the said town of HARTFORD, County of Hartford.

       And also, on the 5TH day of MARCH, 2026, I deposited in the Post Office at WETHERSFIELD, first class mail, a verified true and attested copy of original WRIT, SUMMONS, COMPLAINT, STATEMENT OF AMOUNT IN DEMAND AND EXHIBIT A RELEASE OF JURISDICTION, on behalf of the within named defendants **THE UNITED ILLUMINATING COMPANY,** addressed to:

                COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES
                450 COLUMBUS BLVD
                SUITE 2
                HARTFORD, CT 06103

       The within is the original WRIT, SUMMONS, COMPLAINT, STATEMENT OF AMOUNT IN DEMAND AND EXHIBIT A RELEASE OF JURISDICTION, with my doings thereon endorsed.

| | | | |
|---|---|---|---|
| Verified pages | $32.00 | ATTEST: | |
| Endorsements | 3.50 | | |
| Service | 50.00 | WILLIAM DREW, JR. | |
| Travel | 7.30 | CT STATE MARSHAL | |
| | ---------- | HARTFORD COUNTY | |
| Total | $92.80 | | |